UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TERRENCE ALAGGIA,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; et al.,

    Defendants.

3:12-cv-0108-LRH-WGC

ORDER

Before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. Doc. #5.[1] Plaintiff Terrence Alaggia ("Alaggia") filed an opposition (Doc. #12) to which Wells Fargo replied (Doc. #13).

**I.    Facts and Procedural History**

In June 2007, Alaggia purchased real property through a mortgage note and deed of trust originated by World Savings Bank, FSB. Alaggia defaulted on the loan and defendants initiated non-judicial foreclosure proceedings. Eventually, the property was sold at a trustee's sale on September 29, 2011.

Subsequently, Alaggia filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit A. Alaggia then filed an amended complaint alleging five causes of action: (1) violation of NRS

---

[1] Refers to the court's docket entry number.

598D.010; (2) violation of NRS 107.080; (3) fraud; (4) misrepresentation; and (5) breach of contract. Doc. #1, Exhibit B.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks

2

omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Motion to Dismiss

#### A. NRS 598D.010

NRS 598D.010 prohibits lenders from engaging in certain unfair lending practices. *See* NRS 598D.010 *et seq*. The statute of limitations on an unfair lending practices claim under NRS 598D is three (3) years. *See* NRS § 11.190(3)(a). Alaggia purchased the property in June 2007, and did not file the present action until January 2012, over a year and a half after the statute of limitations had expired. Thus, Alaggia's unfair lending practices claim is barred by the applicable statute of limitations.

#### B. NRS 107.080

To rescind a trustee's sale pursuant to NRS 107.080, a plaintiff must bring an appropriate action within ninety (90) days. NRS 107.080(5). Here, the trustee's sale took place on September 29, 2011. Alaggia did not file the present action until January 31, 2012, over a month after the ninety day deadline terminated. Therefore, Alaggia has no basis to void the trustee's sale.

#### C. Fraud and Misrepresentation

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

///

Here, Alaggia fails to allege anything more than defendants defrauded him during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, Alaggia fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Alaggia's allegations are insufficient to support his claim for fraud.

### D. Breach of Contract

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

In his complaint, Alaggia alleges that defendants breached the mortgage note and deed of trust by submitting fraudulently produced documents for the trustee's sale. *See* Doc. #1, Exhibit B. Initially, the court notes that the allegations against defendants are conclusory allegations that offer nothing more than a formulaic recitation of the elements of a violation. As such, they are insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d 969. Second, as addressed above, Alaggia has failed to sufficiently plead any fraudulent statements or misrepresentations by defendants. Thus, these similar fraud allegations are insufficient to support his claim for breach of contract. Finally, the court finds that Wells Fargo, as successor in interest to the beneficiary named in the deed of trust, was entitled to record a notice of default. Therefore, the notice of default was valid. Accordingly, the court shall grant Wells Fargo's motion to dismiss.[2]

///

---

[2] The court, in granting the motion to dismiss, notes that Alaggia did not request leave to amend his complaint. However, even if he did request leave to amend, the court would deny the request because he has failed to make any showing that amendment in this particular case would not be futile or that he could overcome the identified pleading defects.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #5) is GRANTED. Plaintiff's amended complaint (Doc. #1, Exhibit B) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #14) is GRANTED. Defendant Wells Fargo Bank, N.A. shall have ten (10) days from entry of this order to prepare an appropriate order expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Doc. #17) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE